UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

-------------------------------------------------------x

PATRICIA HARRIS,

    Petitioner,

07-CV-4821 (ARR)

-against-

UNITED STATES OF AMERICA,

OPINION AND ORDER

    Respondent.

-------------------------------------------------------x

ROSS, United States District Judge:

  Petitioner Patricia Harris, appearing pro se, moves under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence entered against her in United States v. Harris, 03-cr-616 (ARR). Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the court has conducted an initial consideration of this motion and, for the reason set forth below, finds that the motion appears to be time-barred by the one-year period of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The court, therefore, directs petitioner to submit an affirmation to show cause why the motion should not be dismissed as time-barred.

## Background

  On June 15, 2004, a jury found petitioner guilty of substantive and conspiratorial possession of counterfeit business securities. On April 27, 2005, this court sentenced petitioner to concurrent terms of imprisonment totaling 63 months. See Motion at ¶¶ 2-5. The United States Court of Appeals for the Second Circuit affirmed the judgment of conviction on February 16, 2006. United States v. Harris, 167 Fed. Appx. 856 (2006). Petitioner then sought a writ of

certiorari in the United States Supreme Court, but her petition was denied by that Court on October 2, 2006. Harris v. United States, ___U.S.___, 127 S.Ct. 290 (2006).

Petitioner now moves pursuant to 28 U.S.C. § 2255 to vacate or set aside her conviction and to correct her sentence. Because petitioner did not attach an affidavit of service to her motion, it is not clear precisely when this motion was delivered to prison officials for filing. However, the motion states that it was signed on November 9, 2007, and, therefore, it could not have been filed before that date.

## Discussion

With the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in federal custody. 28 U.S.C. § 2255. The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Petitioner's conviction became final on October 2, 2006, when the United States Supreme Court denied petitioner's application for a writ of certiorari. See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Petitioner does not allege any facts suggesting that subsections (2), (3) or (4), quoted above, are applicable. Therefore, the one-year period of limitations began to run on October 2, 2006, and the instant motion should have been filed with this court on or before October 2, 2007. Since the instant motion was filed no earlier than November 9, 2007, more than one month after the one-year limitations period expired, it would appear to be time-barred under 28 U.S.C. § 2255.

The limitations period may be equitably tolled if petitioner can show that rare and exceptional circumstances prevented her from timely filing the instant motion and that she acted with reasonable diligence throughout the period she seeks to toll. Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001) (citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)); see also Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996); Calderon v. United States, No. 05 Civ. 3553 (SAS), 2006 WL 662332, at *3 (S.D.N.Y. Mar. 15, 2006). The petition in this case, however, does not suggest any reason why equitable tolling should apply.

## *CONCLUSION*

For the reasons stated above, the court directs petitioner to show cause by written affirmation,[1] within 30 days from entry of this order, why her § 2255 motion should not be

---

[1] An affirmation form is attached to this order for petitioner's convenience.

dismissed as time-barred by the AEDPA's one year statute of limitations. Petitioner's affirmation should include any facts which would support equitable tolling of the one-year limitations period. No response shall be required at this time and all further proceedings shall be stayed for 30 days or until petitioner has complied with this order. If petitioner fails to comply with this order within the time allowed, the instant motion shall be dismissed as time-barred under 28 U.S.C. § 2255.

SO ORDERED.

s/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated: November 28, 2007
Brooklyn, New York

**Service List**:

### *Pro Se* **Petitioner**
Ms. Patricia Harris
No. 70014-053
Danbury FCI
Route 37
Danbury, CT 06811